**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1103
_____

TERRANCE BRUNSON,
                                        Appellant

v.

JUDGE JOHN J. WHELAN, IN HIS OFFICIAL CAPACITY;
DELAWARE COUNTY SHERIFF, IN OFFICIAL CAPACITY;
PF HILLSIDE MANOR LP; CHAIM PURETZ GEN PTR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:25-cv-07361)
District Judge: Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 28, 2026
Before:   BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: July 29, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Terrance Brunson appeals from the District Court's dismissal of his complaint and the denial of his requests for injunctive relief. For the reasons that follow, we will affirm the District Court's judgment.

In August 2024, Brunson's landlord initiated eviction proceedings against Brunson in the Delaware County Magisterial District Court, and judgment was entered in favor of his landlord that same month. Brunson appealed the judgment and has alleged that his civil rights were somehow violated when his landlord filed a complaint with a claim for ejectment as part of that appeal.[1]

In November 2025, after a non-jury trial in the Court of Common Pleas, Brunson was ordered to vacate the property within 45 days. Brunson appealed that decision to the Pennsylvania Superior Court.[2]

While his Superior Court appeal was still pending, Brunson initiated the underlying federal action in the District Court pursuant to 42 U.S.C. § 1983, seeking: (1) injunctive relief preventing the execution of the state court's November 2025 order or an eviction on any other basis; and (2) declaratory relief voiding the November 2025 order and announcing that the trial court violated his civil rights because the matter should have been stayed based on his interpretation of the state court's April 2025 order. Brunson has

---

[1] After a tenant appeals a judgment from a magisterial district court, the landlord is required to file a complaint in the court of common pleas, *see* 246 Pa. Code § 1004(B), and "the proceeding on appeal shall be conducted de novo in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas," § 1007.

[2] Brunson filed several motions seeking an emergency stay from the Pennsylvania Superior Court in November and December 2025, but those motions were denied.

argued that in April 2025, the Court of Common Pleas stayed the August 2024 judgment while his appeal was pending, which should have prevented the trial from occurring. He has also contended that he filed a motion challenging the court's jurisdiction that was never addressed.[3] After granting Brunson leave to proceed in forma pauperis, the District Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it for failure to state a claim upon which relief could be granted. Brunson timely appealed.[4]

We will affirm.[5] The District Court appropriately dismissed Brunson's claims and requests for injunctive relief based on his allegations that his due process rights were violated during the state court eviction proceedings. Brunson's arguments center on conclusory allegations of fraud and mischaracterizations of state court orders. The state court dockets show that Brunson had many opportunities to raise challenges to his eviction proceedings in state court — and did so, repeatedly. The fact that Brunson's arguments were unsuccessful, or that he disagrees with the way the state court handled

---

[3] The state court docket reveals that the Court of Common Pleas denied several motions where Brunson raised jurisdictional arguments, and the Court ultimately ordered Brunson not to file additional motions. Brunson filed dozens of repetitive motions during the course of that proceeding.

[4] Brunson's appeal to the Superior Court has since been quashed. On appeal to this Court, Bruson sought emergency relief, which we denied. To the extent that Brunson raises new allegations or arguments in his appellate brief, we cannot consider them for the first time on appeal. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.12 (3d Cir. 2013).

[5] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of Brunson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

his case, does not amount to a due process violation.[6]  *See Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (citation modified).  The District Court did not abuse its discretion in denying Brunson leave to amend as futile under the circumstances of this case.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

For these reasons, we will affirm the District Court's judgment.

---

[6]  To the extent that Brunson sought review and rejection of the state court judgment, his claims are barred by the *Rooker-Feldman* doctrine.  *See T. M. v. Univ. of Maryland Med. Sys. Corp.*, No. 25-197, 2026 WL 1751823, at *7 (U.S. June 18, 2026).  However, we understand him to have primarily alleged an independent constitutional injury, which falls outside the scope of that doctrine.  *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 172–73 (3d Cir. 2010).